UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
AARON SAVAGE, *pro se*,                              :
                                                     :
                       Plaintiff,         :    **MEMORANDUM AND ORDER**
                                                     :    13-CV-0696 (DLI) (LB)
   -against-                                         :
                                                     :
BEIERSDORF INC.,                                     :
                                                     :
                       Defendant.         :
-------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

    *Pro se* plaintiff Aaron Savage ("Plaintiff") filed the instant action against defendant Beiersdorf Inc. ("Defendant"), seeking damages of $250,000 for claims of negligence, negligent misrepresentation, false advertising, and failure to warn due to injuries he sustained after using Defendant's product. (*See* Complaint ("Compl."), attached to Notice of Removal, Dkt. Entry No. 1.) Defendant moves, pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the instant action in its entirety (*see* Memorandum of Law in Support of Defendant Beiersdorf Inc.'s Motion to Dismiss the Complaint ("Def.'s Mem."), Dkt. Entry No. 7), which Plaintiff opposes (*see* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Pl.'s Opp'n"), Dkt. Entry No. 11). Upon due consideration of the parties' submissions and the pertinent legal principles, and for the reasons set forth below, Defendant's motion to dismiss is granted; however, the Complaint is dismissed without prejudice and with leave for Plaintiff to replead.

**BACKGROUND**

    The facts are taken from the Complaint, documents that Plaintiff relied on in bringing suit and that are either in Plaintiff's possession or that Plaintiff knew of when bringing suit, and

matters of which judicial notice may be taken, and are assumed true solely for purposes of the resolution of this motion. Plaintiff is a resident of the State of New York, and Defendant is a Connecticut Corporation whose principle place of business is also located in Connecticut. (*See* Notice of Removal ¶¶ 3, 4.) In or around March of 2011, Plaintiff purchased NIVEA FOR MEN Cool Body Wash with Menthol and "began having severe reactions" after using the product. (*See* Compl. ¶ 4.)

Plaintiff alleges that he was "[n]ot having allergies or being hypersensitive" before he experienced symptoms like "extreme burning to the penis and genital area," "pain and intense burning on urination, testicular tenderness, and irritation." (*Id.*) Suspecting that he contracted a sexually transmitted disease ("STD"), Plaintiff admitted himself to a hospital on March 27, 2011, but tested negative for chlamydia, gonorrhea and syphilis. (*Id.* ¶¶ 4-5.) Plaintiff was tested for herpes and trichomonas when he followed up with a family doctor, but was assured by an urologist that he did not have any STDs. (*Id.* ¶ 6.) After prostate and retrograde urethrogram examinations, Plaintiff was "diagnosed with possible prostatitis," and was treated with Cipro. (*Id.* ¶¶ 6-7.) However, Plaintiff "became increasingly concerned about the numbness to his groin area," and undertook another examination revealing that "prolonged irritation, decreased penile blood supply with intermittent tingling to the scrotum and testis" most likely contributed to the genitalia numbness. (*Id.* ¶ 7.) The symptoms were slightly relieved after Plaintiff received trigger point injections. (*Id.*)

Plaintiff alleges that "he has never had any previous penile, testis, groin pain, or nerve impairment" before. (*Id.*¶ 9) Even though he has not had one certain diagnose, he claims to possibly suffer from "permanent urethra stricture, with epididymitis." (*Id.*) On or around August 10, 2011, Plaintiff contacted Defendant's Consumer Relations Representative, who asked

for a "physicians report, diagnosis, and medical bills" from Plaintiff. (*Id.* ¶ 10.) The documents were later sent and addressed to the representative, but Plaintiff received no further feedback. (*Id.*)

On or around December 10, 2012, Plaintiff filed the instant action against Defendant in the New York State Supreme Court, New York County, seeking damages of $250,000, including lost wages and medical expenses for the injuries allegedly caused by Defendant's negligence, "unsafe" products, and "false and misleading" labels. (*Id.* ¶¶ 8, 11.) On December 19, 2012, Defendant properly removed the action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. (*See generally* Notice of Removal.) On January 28, 2013, the case was transferred to the United States District Court for the Eastern District of New York. Presently before the Court, is Defendant's motion to dismiss the Complaint.

**DISCUSSION**

**I.     Legal Standard for Dismissal**

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal quotation omitted). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

3

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or the plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See, e.g.*, *Roth v. Jennings*, 489 F. 3d 499, 509 (2d Cir. 2007).

As a *pro se* litigant, Plaintiff's pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Accordingly, the Court will construe Plaintiff's pleadings and papers "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006) (emphasis and internal quotation omitted). Nevertheless, "a *pro s*e plaintiff is still required to comply with the relevant procedural and substantive rules of law." *Colo. Capital v. Owens*, 227 F.R.D. 181, 186 (E.D.N.Y. 2005) (citing *Traguth v. Zuck*, 710 F. 2d 90, 95 (2d Cir. 1983)).

## II. Choice of Law

Neither party disputes that New York law should apply to the instant action. (*See generally* Compl.; Pl.'s Opp'n; Def.'s Mem.) "Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New York must apply the New York choice-of-law rules

4

and statutes of limitations." *Stuart v. Am. Cyanamid Co.*, 158 F. 3d 622, 626 (2d Cir. 1998) (citing *Guar. Trust Co. v. York*, 326 U.S. 99, 108-09 (1945)). In this case, Plaintiff is a resident of New York, and Defendant is a corporation from Connecticut, and the Court has jurisdiction based on diversity of citizenship, thus, the New York choice-of-law rules apply. (*See* Notice of Removal ¶¶ 3, 4, 6.) "Under New York law, controlling effect must be given to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation." *DiBartolo v. Abbott Labs.*, 2012 WL 6681704, at *5 (S.D.N.Y. Dec. 21, 2012) (internal quotations omitted). Here, Plaintiff is a resident of New York, and bases his claims primarily on New York law and events that occurred in New York, and he does not argue that any other state law should apply. Therefore, the Court applies New York substantive law.

### III.  Plaintiff's Complaint

To make a prima facie case for negligence under New York law, a plaintiff must show that (1) the defendant owed a duty to exercise reasonable care; (2) a breach of that duty occurred; (3) the defendant's conduct is the proximate cause for the resulting injury; and (4) loss or damage was suffered. *See McCarthy v. Olin Corp.*, 119 F. 3d 148, 156 (2d Cir. 1997); *Cacciola v. Selco Balers, Inc.*, 127 F. Supp. 2d 175, 185 (E.D.N.Y. 2001).

In the Complaint, Plaintiff claims that he started experiencing reactions, such as "extreme burning to the penis and genital area," "pain and intense burning on urination," "testicular tenderness," "irritation" and "numbness to his groin area." (*See* Compl. ¶¶ 4, 7.) Plaintiff also states that he incurred expenses and suffered losses "as a result of injuries and doctor's appointments." (*Id.* ¶ 8.) Nonetheless, Plaintiff does not link the alleged injuries with Defendant's product. A mere allegation that Plaintiff purchased the body wash, "began using the

product thereafter" and "having severe reactions" is not sufficient to establish a proximate cause between the product and the resulting injury. *See Pelman v. McDonald's Corp.*, 237 F. Supp. 2d 512, 538 (S.D.N.Y. 2005) ("The issue of proximate cause may be determined as a matter of law where no reasonable person could find causation based on the facts alleged in the complaint."); *see also Ruggiero v. Perdue Poultry Co.*, 1997 WL 811530, at *2 (S.D.N.Y. Sept. 29, 1997) (explaining that "[t]he protracted nature of plaintiff's claimed injuries . . . requires more than the mere assertion" to demonstrate proximate cause); *Valenti v. Great Atl. & Pac. Tea Co.*, 207 A.D.2d 340, 340 (2d Dep't, 1994) (noting the mere fact that the plaintiff became nauseous after consuming defendant's product is insufficient to establish the proximate cause because "[t]here are many different causes of nausea, vomiting and stomach distress"). Additionally, Plaintiff has "not pled factual content sufficient to create a plausible inference that defendant[] breached any duty" owed to Plaintiff. *Reed v. Pfizer, Inc.*, 839 F. Supp. 2d 571, 578 n.6 (E.D.N.Y. 2012) (dismissing product liability action labeled as negligence action). There are no allegations in the Complaint that Defendant did or failed to do anything that fell below the standard of reasonable care or that the product was defective in any way. Accordingly, Plaintiff's negligence claim against Defendant is dismissed.

## IV. Plaintiff's Opposition

In Plaintiff's opposition papers, he makes new allegations that he did not plead in the Complaint. (*See* Pl.'s Opp'n at 9-12.) "While a counseled plaintiff may not make allegations in an opposition to a motion to dismiss that do not appear in the complaint, *pro se* pleadings are held to a less stringent standard[] than formal pleadings drafted by lawyers." *Pullman v. Alpha Media Publ'g, Inc.*, 2013 WL 1290409, at *6 (S.D.N.Y. Jan. 11, 2013) (internal quotations omitted). Therefore, "a *pro se* litigant may raise a claim for the first time in [his] opposition

papers," and the Court will address the new allegations in the motion to dismiss. *Id.*; *see also Le Grand v. Evan*, 702 F. 2d 415, 416 n.3 (2d Cir. 1983) (reading plaintiff's "complaint to adopt the factual allegations in the memorandum"); *Philippeaux v. United States*, 2011 WL 4472064, at *4 (S.D.N.Y. Sept. 27, 2011) ("While a brief is not the appropriate mechanism to amend a complaint, given plaintiff's *pro se* status, we review the [] plaintiff's opposition to the motion to dismiss liberally and address all of his allegations."); *Alexander v. Coughlin*, 1991 WL 150674, at *1 (E.D.N.Y. July 26, 1991) ("[S]ince plaintiff proceeds *pro se*, the court deems his original complaint amended to include factual allegations asserted in his 'Motion in Opposition to Dismiss Complaint.'").

### A. Negligent Misrepresentation

To succeed under a negligent misrepresentation claim, a plaintiff must establish that "(1) the defendant owed the plaintiff a duty of care due to a special relationship; (2) the defendant knew or should have known that their representations were false; (3) the defendant knew or should have known that the plaintiff would rely on the misrepresentations; and (4) the plaintiff in fact relied on those misrepresentations to their detriment." *Boniel v. U.S. Bank N.A.*, 2013 WL 458298, at *2 (E.D.N.Y. Feb. 6, 2013) (citing *Hydro Investors, Inc. v. Trafalgar Power, Inc.*, 227 F. 3d 8, 20 (2d Cir. 2000)). Moreover, for negligent misrepresentation, the plaintiff must also show the alleged misrepresentation caused the injury. *See Amusement Indus. v. Stern*, 786 F. Supp. 2d 758, 778 (S.D.N.Y. 2011) (recognizing the causation requirement for a negligent misrepresentation claim). However, Plaintiff failed to establish the element of causation for the same reasons set forth in the preceding section.

Even if Plaintiff had properly pled causation, there are no allegations that Plaintiff relied on Defendant's marketing statements when using Defendant's product. In fact, it is unclear

whether Plaintiff even read the marketing statement before using the body wash that allegedly caused his allergic reactions. The element of reliance "connotes something more than simply a bare hope or anticipation," but "must be words upon which others were expected to rely and upon which they did act or failed to act to their damage." *Home Mut. Ins. Co. v. Broadway Bank and Trust Co.*, 53 N.Y.2d 568, 578 (N.Y. 1981) (internal quotation omitted). Therefore, Plaintiff has not pled a sufficient negligent misrepresentation cause of action. *See Drake v. Lab. Corp. of Am. Holdings*, 2007 WL 776818, at *5 (E.D.N.Y. Mar. 13, 2007) (dismissing the negligent misrepresentation claim because the plaintiff "has failed to allege that he even knew about the misrepresentations . . . much less that he relied upon them to his detriment"). Accordingly, Plaintiff's negligent misrepresentation claim is dismissed.

B.  **False Advertising**

Plaintiff in his opposition memorandum to Defendant's motion to dismiss brings false advertising claims, alleging that Defendant violated Section 43(a) of the Lanham Act and the Consumer Product Safety Act (the "CPSA"), 15 U.S.C. § 2051 *et seq*. (*See* Pl.'s Opp'n at 9-10.) However, "[t]o have standing for a [Lanham Act] false advertising claim, the plaintiff must be a competitor of the defendant and allege a competitive injury." *Yurman Studio, Inc. v. Castaneda*, 591 F. Supp. 2d 471, 490-491 (S.D.N.Y. 2008) (quoting *Telecom Int'l Am., Ltd. v. AT & T Corp.*, 280 F. 3d 175, 197 (2d Cir. 2001)). Here, Plaintiff is a consumer of Defendant's product alleging personal injury, instead of a competitor claiming competitive injury. Therefore, Plaintiff's claim under the Lanham Act should be dismissed.

A private action can arise from the CPSA when an individual is injured "'by reason of any knowing (including willful) violation of a consumer product safety rule, or any other rule or order issued by the [Consumer Product Safety] Commission.'" *See Kelsey v. Muskin Inc.*, 848 F.

2d 39, 42 (2d Cir. 1988) (quoting 15 U.S.C. § 2072(a)). In other words, if the defendant has not violated safety rules or orders promulgated by the Commission, Section 2072(a) would not be triggered and the plaintiff would not be allowed to sue in a federal court. *See Bivona v. Trollio*, 758 F. Supp. 125, 126 (E.D.N.Y. 1991). The Second Circuit explained that the phrase "by reason of" means "there must be a causal connection" between the injury and the alleged violation. *See Kelsey*, 848 F. 2d at 42. Because Plaintiff does not sufficiently allege proximate cause between his alleged damages and Defendant's product, the allegations under the CPSA should be dismissed. *See id.* (affirming district court's decision to dismiss plaintiff's case for lacking proximate cause).

### C. Failure to Warn[1]

Under New York law, failure to warn liability can be predicated on either negligence or strict liability. Though Plaintiff in the opposition documents does not state on which basis he is relying, "[f]ailure to warn claims are identical under strict liability and negligence theories of recovery." *Colon ex rel. Molina v. BIC USA, Inc.*, 199 F. Supp. 2d 53, 84 (S.D.N.Y. 2001); *see also Anderson v. Hedstrom Corp.*, 76 F. Supp. 2d 422, 439 (S.D.N.Y. 1999) ("Where liability is predicated on a failure to warn, New York views negligence and strict liability claims as equivalent." (internal quotation omitted)). In a failure to warn claim, the plaintiff must show "(1) a [defendant] has a duty to warn; (2) against dangers resulting from foreseeable uses about which it knew or should have known; and (3) that failure to do so was the proximate cause of harm." *Barban v. Rheem Textile Sys., Inc.*, 2005 WL 387660, at *9 (E.D.N.Y. Feb. 11, 2005). In the instant action, Plaintiff only alleges that Defendant violated the Federal Food, Drug, and Cosmetic Act (the "FDCA") without identifying any dangers Defendant knew or should have

---

[1] Plaintiff in his opposition memorandum claims that Defendant violated the Federal Anti-Tampering Act (the "FATA"), codified in 18 U.S.C. § 1365. The Court will not address this issue because the FATA deals with criminal offenses and is not properly before the Court in this civil action.

known, and does not establish the proximate cause for his injuries.[2] *See Goldin v. Smith & Nephew, Inc.*, 2013 WL 1759575, at *5 (S.D.N.Y. Apr. 24, 2013) (noting that the plaintiff "suffered an injury after using a product . . . does not render the warnings inadequate"); *Am. Guarantee and Liab. Ins. Co. v. Cirrus Design Corp.*, 2010 WL 5480775, at *3 (S.D.N.Y. Dec. 30, 2010) (dismissing the failure to warn claim partly because "[p]laintiffs have not pleaded sufficient facts to allow the Court to make a reasonable inference that the lack of warning was a substantial factor in causing the accident").

Plaintiff also argues that Defendant's product contains a design defect. (*See* Pl.'s Opp'n at 11.) For a design defect claim, Plaintiff must show that "(1) the product as designed posed a substantial likelihood of harm; (2) it was feasible to design the product in a safer manner; and (3) the defective design was a substantial factor in causing plaintiff's injury." *Colon*, 199 F. Supp. 2d at 83 (citing *Ramirez v. Sears, Roebuck & Co.*, 286 A.D.2d 428, 430-31 (2d Dep't 2001)). Plaintiff argued that "Defendant's product does not have any tamper-resistant packaging to prevent tampering, which results in a [d]esign defect." (*See* Pl.'s Opp'n at 11.) This single allegation does not meet the pleading requirement for a design defect cause of action because Plaintiff does not establish that the Defendant's product posed a substantial likelihood of harm as designed, or that a tamper-resistant package was feasible. Moreover, Plaintiff does not demonstrate that the alleged design defect was a substantial cause of his injuries. Conclusory statements that the product has a design defect do not suffice. *See Reed v. Pfizer*, Inc., 839 F. Supp. 2d 571, 577-78 (E.D.N.Y. 2012) (dismissing the design defect claim because plaintiffs "merely plead the legal conclusion that the [product] was defective"); *Lewis v. Abbott Labs.*,

---

[2] The FDCA provides "all such proceedings for the enforcement, or to restrain violations, . . . shall be by and in the name of the United States . . . ," and thus precludes a private action brought by individuals. 21 U.S.C. § 337(a). Therefore, the Court will not consider Plaintiff's assertions under the FDCA.

2009 WL 2231701, at *4 (S.D.N.Y. July 24, 2009) (dismissing the design defect claim because plaintiff's allegations are conclusory). Accordingly, Plaintiff's claim should be dismissed.

## V.     Leave to Replead

Whether to permit a party to amend its pleading is a matter entrusted to the court's "sound discretion." *McCarthy v. Dun & Bradstreet Corp.*, 482 F. 3d 184, 200 (2d Cir. 2007). Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Although "[i]t is the usual practice upon granting a motion to dismiss to allow leave to replead," *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F. 2d 42, 48 (2d Cir. 1991), leave to amend should be denied when amendment would be futile. *See, e.g.*, *Tocker v. Philip Morris Cos., Inc.*, 470 F. 3d 481, 491 (2d Cir. 2006). It is not clear at this early stage whether amendment would be futile and Plaintiff has provided some additional, albeit not entirely sufficient, factual allegations in his reply papers. Additionally, Plaintiff's Complaint was drafted as a state court filing initially. Given the Plaintiff's *pro se* status, and the higher pleading standard applicable in federal court, it is "consistent with principles of fairness and justice to afford Plaintiff an opportunity to file an amended complaint." *Goldin*, 2013 WL 1759575, at *7.

## CONCLUSION

For the reasons set forth above, the motion to dismiss is granted, but without prejudice and with leave for Plaintiff to replead the complaint with greater detail. In light of Plaintiff's *pro se* status, Plaintiff is granted leave to file an amended complaint NO LATER THAN NOVEMBER 4, 2013. The amended complaint must be captioned as an "Amended Complaint," name the Defendant in the caption, and bear the same docket number as this Order. The amended complaint must also comply with Rule 8(a) of the Federal Rules of Civil Procedure, as set forth

11

in this opinion. For Plaintiff's convenience, a copy of "Instructions on How to Amend a Complaint" is attached to this Order.

If Plaintiff fails to amend his complaint on or before November 4, 2013, and/or the amended complaint fails to correct the deficiencies noted in this Order or otherwise fails to satisfy pleading or jurisdictional requirements, the complaint will be dismissed with prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2013

/s/
DORA L. IRIZARRY
United States District Judge